UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GORDON J. STORKE ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:10-0378 |
| ] | Judge Campbell |
| CORRECTIONAL OFFICER WILBURN, ] | |
| et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Correctional Officers Wilburn and Sloan; Bob Barker, Sheriff of Sumner County; and Sonya Troutt, Administrator of the Sumner County Jail; seeking damages.

    On March 20, 2010, the plaintiff slipped in a puddle of water and fell, injuring his neck and back. The plaintiff suggests that he was injured as a result of the defendants' negligence. He further suggests that he did not receive adequate and timely medical care for his injuries.

    This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Sumner

County, the municipal entity that operates the Sumner County Jail. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent, the Sumner County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Sumner County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Sumner County that led to his injury and subsequent delay in medical care. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge